IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WEIXING V. WANG,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE JEFFREY LANPHEAR<br><br>Defendant. | No. 1:26-cv-00720-MSM-RLA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This Complaint was brought by Weixing V. Wang who, in addition to being the Plaintiff in this action, was the Plaintiff in Wang v. AMGEN, P.C. 2025-05511, an action in the Superior Court of Rhode Island in which Mr. Wang contended he was the victim of employment discrimination. The defendant here, Judge Jeffrey Lanphear, presided over the state court case and determined that the matter was subject to mandatory arbitration based on a contract Mr. Wang had signed. Over his objection, the lawsuit was dismissed. In addition, finding the lawsuit frivolous, Judge Lanphear granted attorney fees to the defendant in the amount of $98,381.50.

Mr. Wang quickly brought this action against Judge Lanphear, contending that the jurist had committed various criminal acts (primarily of fraud) in his

handling of the case, that he lied, that he hid evidence, and that, in essence, he had deprived Mr. Wang of his civil and constitutional rights by his rulings in the case. The Complaint runs to 40 pages as a compendium of all the wrongful rulings and actions that the defendant allegedly committed.

The Court's review is required by 28 U.S.C. § 1915 (e)(2)(B)(ii), which mandates that whenever a request for waiver of filing fees is made, as Mr. Wang has done here (ECF No. 2), the Court must determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard). Under § 1915(e)(2)(B)(ii), no Motion to Proceed *In Forma Pauperis* ("IFP") can be granted unless that threshold is met. In this case, the Court not only denies the IFP Motion, it dismisses the case for lack of jurisdiction because of the absolute immunity enjoyed by the defendant.

Everything Mr. Wang complains about – the handling of testimony, the assessment of evidence, the enforcement of the arbitration clause, the awarding of attorney fees to the prevailing party, and the like – falls squarely within the protection of judicial immunity. Judges are absolutely immune from suits for damages with only two exceptions not relevant here. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Not even allegations of malice or bad faith will defeat the shield. *Id.* at 11. Here, every action that Mr. Wang complains of as wrong or unlawful is clearly judicial and the Superior Court had jurisdiction over the action Mr. Wang filed against AMGEN. *Id.*

Ordinarily, a court should offer a *pro se* litigant the opportunity to amend the Complaint to cure any deficiencies before dismissing. *Zarlenga v. United States,* No. 22-cv-00372-MSM-PSA, ECF No. 56, No. 24-1672 (Mandate, 1st Cir. Mar. 24, 2025). Here, however, there is nothing Mr. Wang can reasonably or plausibly allege that would remove the cloak of judicial immunity that Judge Lanphear enjoys. In addition, while immunity is an affirmative defense that would ordinarily be raised by a defendant, judicial immunity is designed to protect judicial officers from the burden and chilling effect of having to defend their actions in a lawsuit, not simply from awards of damages. It should therefore be addressed at the earliest stage possible, and that is now. The case is DISMISSED and the IFP Motion is DENIED as moot.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

October 15, 2026